2-00-1010

No. 2--00--1010

 _________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE  ) Appeal from the Circuit Court

OF ILLINOIS,                    )  of De Kalb County.

) 

     Plaintiff-Appellee, )

  )

v.  )  No. 98--CF--323                                                 )      

BONNIE J. KAUTEN, ) Honorable

                                )  Douglas R. Engel,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Defendant, Bonnie J. Kauten, pleaded guilty to solicitation of murder (720 ILCS 5/8--1.1(a) (West 1998)).  In return, the State dismissed a charge of solicitation of murder for hire (720 ILCS 5/8--1.2(a) (West 1998)) but made no sentencing concessions.  The trial court sentenced defendant to 18 years' imprisonment and denied her motion to reconsider the sentence.

Defendant appeals, arguing that her sentence must be vacated because the sentencing scheme for solicitation of murder (see 720 ILCS 5/8--1.1(b) (West 1998)) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).  Defendant maintains that the legislature has impermissibly penalized solicitation of murder more severely than what she claims are the more serious offenses of conspiracy to commit murder (720 ILCS 5/8--2(a), 9--1 (West 1998)) and attempted murder (720 ILCS 5/8--4(a), 9--1 (West 1998)).  We hold that the sentencing scheme for solicitation of murder does not violate the proportionate penalties clause.  Therefore, we affirm.

At the trial court level, defendant did not assert that the sentencing statute is invalid.  However, a constitutional challenge to a statute may be raised at any time.  
People v. Christy
, 139 Ill. 2d 172, 176 (1990).

The proportionate penalties clause commands that "All penalties shall be determined *** according to the seriousness of the offense ***."  Ill. Const. 1970, art. I, §11.  T
his clause bars different sentencing ranges for offenses with identical elements.  
People v. Davis
, 177 Ill. 2d 495, 503 (1997).  It also forbids disproportionate punishments for similar but not identical offenses.  
People v. Lombardi
, 184 Ill. 2d 462, 474 (1998); 
Davis
, 177 Ill. 2d at 506.  Thus, the legislature may not prescribe a greater penalty for a less serious offense than it has for a more serious offense.  
People v. Lee
, 167 Ill. 2d 140, 144 (1995).  In determining the seriousness of a given offense, the legislature may consider not only the degree of harm the offense inflicts but also the frequency of the crime and the need for a more stringent penalty to halt an upsurge in its frequency.  
Lee
, 167 Ill. 2d at 146.  The legislature is best situated to decide what conduct to criminalize and how severely to punish an offense.  
Lee
, 167 Ill. 2d at 145.  Therefore, courts normally defer to the legislature's conclusion that one offense is more serious than another.  
People v. Hickman
, 163 Ill. 2d 250, 259 (1994).

A person commits solicitation of murder when, with the intent that the offense of first-degree murder (720 ILCS 5/9--1(a) (West 1998)) be committed, he commands, encourages, or requests another to commit that offense.  720 ILCS 5/8--1.1(a) (West 1998).  As pertinent here, solicitation of murder is a Class X felony punishable by 15 to 30 years' imprisonment.  720 ILCS 5/8--1.1(b) (West 1998).  

A person commits conspiracy when, with the intent that an offense be committed, he or she agrees with another to the commission of that offense and either he or she or a coconspirator commits an act in furtherance of the agreement.  720 ILCS 5/8--2(a) (West 1998).  The sentence for conspiracy to commit first-degree murder may not exceed that for a Class 2 felony, 
i.e.
, 3 to 7 years' imprisonment.  720 ILCS 5/8--2(c) (West 1998); 730 ILCS 5/5--8--1(a)(5) (West 1998).  A person commits attempted murder when, with the intent to commit murder, he or she does any act constituting a substantial step toward the commission of that offense.  720 ILCS 5/8--4(a) (West 1998).  Attempted first-degree murder is a Class X felony and, absent certain aggravating factors, is subject to the Class X sentencing range,
 6 to 30 years' imprisonment.  720 ILCS 5/8--4(c)(1) (West 1998); 730 ILCS 5/5--8--1(a)(3) (West 1998).  

As defendant notes, the penalty for solicitation of murder (15 to 30 years' imprisonment) is more severe than that for either conspiracy to commit first-degree murder (3 to 7 years' imprisonment) or attempted murder (6 to 30 years' imprisonment).  Defendant asserts that these disparities are constitutionally impermissible.  Defendant observes that the crime of solicitation of murder is complete when a person who has the requisite intent does no more than encourage or urge another to act.  However,  conspiracy to commit murder or attempted murder necessarily involves not only the same intent but also either an act by the defendant or a coconspirator in furtherance of the plan (720 ILCS 5/8--2(a) (West 1998)) or a "substantial step" by the defendant toward committing the murder (720 ILCS 5/8--4(a) (West 1998)).  Thus, defendant concludes, solicitation of murder is necessarily less serious than either conspiracy to commit murder or attempted murder and may not be punished more severely.

The State responds in part that we should adhere to our holding in 
People v. Moorhead
, 128 Ill. App. 3d 137 (1984), that solicitation of murder may be punished more severely than conspiracy to commit murder.  The State argues further that punishing solicitation of murder more harshly than attempted murder reflects a reasonable legislative judgment that solicitation is integral to combating gang-related violence, a serious social ill. For the following reasons, we agree with the State that punishing solicitation of murder more severely than either conspiracy to commit murder or attempted murder does not violate the proportionate penalties clause.  We shall assume that the purposes behind all of the laws are so closely related as to trigger proportionality analysis (see 
Lombardi
, 184 Ill. 2d at 475-76).  As defendant observes, all penalize inchoate offenses that were intended to culminate in first-degree murder.  However, as we shall explain, the purposes behind outlawing solicitation of murder do not overlap perfectly with those behind criminalizing either conspiracy to commit murder or attempted murder.

We first hold
 that the State may penalize solicitation of murder more severely than it penalizes conspiracy to commit murder.  In 
Moorhead
, we
 held that doing so violates neither due process (Ill. Const. 1970, art. I, §2) nor the proportionate penalties clause.  We explained in part:

"Although defendant argues that a greater threat to the public is posed in a conspiracy where two or more persons are involved and that there is a greater likelihood the offense will be committed, the offense of solicitation addresses at least an equally dangerous evil.  The person who solicits another by command, encouragement, or request to commit murder generally represents a more sophisticated and planned criminal intent by an actor who attempts to shield himself through his hireling.  Imposition of a severe penalty for criminal solicitation may be an important means by which the leadership of a criminal movement may be suppressed."  
Moorhead
, 128 Ill. App. 3d at 145.

Although defendant asks us to reconsider 
Moorhead
, we believe its reasoning is sound.  We agree with the State that solicitation poses special dangers not inherent in conspiracy, one of which is that the instigator will be a sophisticated operator, such as a gang leader, who will hide behind his hireling(s).  
Moorhead
, 128 Ill. App. 3d at 145; 
State v. Mann
, 317 N.C. 164, 172, 345 S.E.2d 365, 370 (1986).  Laws against solicitation target those at the top of the proverbial totem pole.  Thus, these laws play a distinctive and important role in suppressing organized crime.  
Moorhead
, 128 Ill. App. 3d at 145; 2 W. LaFave & A. Scott, Substantive Criminal Law §6.1(b), at 6 (1986).  

Furthermore, as 
Moorhead
 suggests, solicitation cannot be considered the mere equal of conspiracy, as often a solicitation is the proximate 
cause
 of a conspiracy.  A conspiracy takes place among those who already intend to bring about a crime, but a solicitation is an effort to 
recruit one who has not yet formed criminal intentions and to implant such intentions in his or her mind.  
Mann
, 317 N.C. at 171-72, 345 S.E.2d at 370.  A person who is afraid or unable to commit murder on his or her own may solicit the help of another (or many others) who would otherwise lack the incentive to commit murder.  What neither would attempt individually may come about by their cooperation.  Thus, many a solicitation creates a conspiracy where none existed before.

We adhere to our holding in 
Moorhead
 that the State may punish  solicitation of murder more severely than conspiracy to commit murder.  We next hold that the State may punish solicitation of murder more severely than attempted murder.  We think that both aspects of 
Moorhead
's reasoning apply as well to a comparison of the penalties for solicitation of murder and attempted murder.  

First, almost by definition, a solicitation of murder will involve greater premeditation, planning, or criminal sophistication than will many attempted murders.  As we said in 
dicta
 in 
Moorhead
:

"It has also been stated that solicitation is, if anything, more dangerous than a direct attempt because it may give rise to cooperation among criminals, which is a special hazard.  The solicitor working his way through one or more agents manifests an approach to crime more intelligent and masterful than the efforts of his hireling."  
Moorhead
, 128 Ill. App. 3d at 144.

See also 
State v. Schleifer
, 99 Conn. 432, 444, 121 A. 805, 809 (1923) (solicitation creates pressure on vulnerable mind and thus is "as a rule far more dangerous to society than the attempt to commit the same crime").  Of course, not every solicitation of murder will be more sophisticated than every attempted murder.  However, that is not necessary for the different punishments to represent a reasonable legislative judgment that satisfies the proportionate penalties clause. 

Second, the solicitation of a murder may lead to an attempt  at murder where no attempt would have been made otherwise.  Indeed, one common purpose of asking someone else to commit a murder is to make the planned murder possible or practical.  Solicitation of murder and attempted murder are not simply equivalent because the former often causes the latter.  Thus, while both solicitation of murder and attempted murder endanger the potential victim, solicitation of murder also creates more potential victims.

As the foregoing analysis may suggest, a final consideration  supports punishing solicitation of murder more severely than either conspiracy to commit murder or attempted murder.  All of the laws under discussion here protect potential murder victims.  However, unlike the laws against conspiracy or attempted murder, criminalizing the solicitation of murder protects vulnerable people from the corrupting or oppressive act of solicitation itself.

Courts elsewhere have held that a state may punish a solicitation that occurs within the state even though the contemplated crime is to be committed outside the state.  In so holding, these courts have reasoned that a state is rightly concerned "not only with the prevention of the harm that would result should the inducements prove successful, but with 
protecting inhabitants of [the] state from being exposed to inducements
 to commit or join in the commission of the crimes specified."  (Emphasis added.)  
People v. Burt
, 45 Cal. 2d 311, 314, 288 P.2d 503, 505 (1955); see also 
Miller v. State
, 430 So. 2d 611, 614-15 (Fla. App. 1983); 
Martin v. State
, 763 P.2d 711, 713 (Okla. Crim. App. 1988).  We agree with this reasoning.

We conclude that criminalizing the solicitation of murder serves purposes beyond those served by laws against conspiracy to commit murder or attempted murder and in part serves to deter the formation of conspiracies or attempts.  Often, a solicitation is the start of an enterprise that grows into a conspiracy or an attempt. The legislature could reasonably find that solicitation of murder is a more widespread, elusive, and intractable social ill than conspiracy to commit murder or attempted murder.  See 
Lee
, 167 Ill. 2d at 146.  Therefore, the scheme under which defendant was sentenced does not violate the proportionate penalties clause, and her sentence must stand.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and BOWMAN, J., concur.