**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4280**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMASO ARIAS-RODRIGUEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (CR-02-245)

———————

Submitted:  April 19, 2006                Decided:  May 15, 2006

———————

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeffrey B. Welty, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Damaso Arias-Rodriguez appeals his conviction and forty-eight-month sentence imposed after he pled guilty to unlawfully reentering the United States after deportation following his conviction for an aggravated felony (second-degree kidnapping under North Carolina law), in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). We affirm.

Arias-Rodriguez challenges the validity of his guilty plea, asserting that he did not understand the jury trial rights he waived by pleading guilty pursuant to Fed. R. Crim. P. 11, because the district court failed to inform him of his right to confront and cross-examine witnesses against him and his right to counsel. Allegations of Rule 11 violations are reviewed for plain error where, as here, Arias-Rodriguez did not move to withdraw his guilty plea in the district court. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002) (discussing standard of review). Our review of the transcript of the plea hearing convinces us that the district court's omissions did not affect Arias-Rodriguez's substantial rights.

Next, citing United States v. Booker, 543 U.S. 220 (2005), Arias-Rodriguez asserts that the district court sentenced him in violation of the Sixth Amendment because the court applied a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2001), based upon his prior North Carolina

second-degree kidnapping conviction that the district court concluded was a crime of violence. We review this claim for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (stating standard of review). Section 2L1.2(B)(ii)(II) of the guidelines in effect at the time of Arias-Rodriguez's sentencing specifically stated that kidnapping was a "crime of violence." Because the prior conviction qualified as a "crime of violence" as a matter of law, the district made a purely legal determination in applying the § 2L1.2 enhancement. Accordingly, the challenged enhancement does not trigger the Sixth Amendment concerns addressed in Booker. See United States v. Cornelio-Pena, 435 F.3d 1279, 1288 (10th Cir. 2006); United States v. Thompson, 421 F.3d 278, 283-84 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006); see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.) (stating that Booker expressly incorporates exception for recidivism-based sentence enhancements), cert. denied, 126 S. Ct. 640 (2005).

Finally, Arias-Rodriguez asserts that his sentence violates Booker because the district court sentenced him under a mandatory sentencing guidelines scheme. We review this claim for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.) (stating standard of review), cert. denied, 126 S. Ct. 668 (2005). Although we held in White that treating the guidelines as mandatory constitutes plain error, see id. at 216-17, our review of

- 3 -

the record leads us to conclude that there is no nonspeculative basis on which we could conclude that the district court would have sentenced Arias-Rodriguez to a lower sentence had the court proceeded under an advisory guidelines scheme. See id. at 223. Thus, Arias-Rodriguez has failed to demonstrate that the plain error in sentencing him under a mandatory guidelines scheme affected his substantial rights.

Accordingly, we affirm Arias-Rodriguez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED