**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5017

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILSON REYNALDO MORENO-DELEON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CR-04-212)

Submitted: July 31, 2006          Decided: September 5, 2006

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary E. Maguire, Meghan S. Skelton, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Michael J. Elston, Michael C. Wallace, Sr., Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wilson Moreno-Deleon appeals his fifty-seven-month sentence imposed after pleading guilty to one count of violating 8 U.S.C. § 1326(b)(4) (2000), returning to the United States after having been deported. We affirm.

Citing United States v. Booker, 543 U.S. 220 (2005), Moreno-Deleon asserts that the district court sentenced him in violation of the Sixth Amendment because the court applied a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2003), based upon his prior North Carolina second-degree kidnapping conviction that the district court concluded was a crime of violence for sentencing purposes. We review this claim for harmless error because Moreno-Deleon objected to the enhancement at sentencing based on Blakely v. Washington, 542 U.S. 296 (2004). See United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006) (stating standard of review).

Commentary to the relevant sentencing guideline in effect at the time of Moreno-Deleon's sentencing specifically states that kidnapping is a "crime of violence." USSG § 2L1.2, comment. (n.1(B)(iii)). Because the prior conviction qualified as a "crime of violence" as a matter of law, the district court made a purely legal determination in applying the § 2L1.2 enhancement. Accordingly, the challenged enhancement does not trigger the Sixth Amendment concerns addressed in Booker. See United States v.

Cornelio-Pena, 435 F.3d 1279, 1288 (10th Cir.), cert. denied, 126 S. Ct. 2366 (2006); United States v. Thompson, 421 F.3d 278, 283-84 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006); see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.) (stating that Booker expressly incorporates exception for recidivism-based sentencing enhancements), cert. denied, 126 S. Ct. 640 (2005).

Moreno-Deleon also argues that his sentence violates the Sixth Amendment based on the district court's determination of criminal history points. He argues that the district court had to make factual findings to determine that he was eligible for additional points under USSG § 4A1.1(d) for committing the offense while under a criminal justice sentence and USSG § 4A1.1(e) for committing the offense less than two years after release from imprisonment. There is no constitutional error where the district court makes legal determinations to calculate a criminal history score. Moreno-Deleon's claim is foreclosed by circuit precedent. See Thompson, 421 F.3d at 286 (holding that prior convictions could not be severed from their essential components, including integral facts such as the statutory violation and date of offense, and that these facts were inherent to convictions, not extraneous to them); Cheek, 415 F.3d at 350 (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing under the Armed Career Criminal Act). Moreover, on appeal, Moreno-Deleon

does not challenge any factual findings regarding the prior convictions, and he does not dispute the factual basis for the probation officer's and district court's assessment of points under USSG § 4A1.1. Accordingly, Moreno-Deleon's assertion that his sentence violates the Sixth Amendment is without merit. See United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005) (holding that, where defendant did not dispute any of the facts supporting the career offender status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Finally, Moreno-Deleon asserts that his sentence violates Booker because the district court sentenced him under a mandatory Sentencing Guidelines scheme. In United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), this court held that treating the guidelines as mandatory was error and that the error was plain. 405 F.3d at 216-17. The court declined to presume prejudice, id. at 217-22, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). In Rodriguez, we held that a defendant who makes an objection at sentencing based on Blakely has preserved his claim of statutory error (mandatory application of the guidelines) under Booker. Rodriguez, 433 F.3d at 415. The appeals court is thus obliged to

review his claim de novo; consequently, the government has the burden of showing harmless error.  Id.

In this case, the district court clearly announced that it would impose the same sentence in this case if the guidelines were treated as advisory.  See White, 405 F.3d at 224.  Given the identical alternative sentence, the Government can show that the error in treating the guidelines as mandatory did not affect Moreno-Deleon's substantial rights.  See id. at 223 (noting that substantial rights inquiry is the same under plain or harmless error and that only difference is who bears burden of proof); see also United States v. Shatley, 448 F.3d 264, 267-68 (4th Cir. 2006) (holding a Sixth Amendment error harmless because the district court announced an identical alternate sentence after considering the Guidelines as advisory only and thus the error did not affect the outcome of the proceeding).  Because the district court imposed an identical discretionary alternative sentence, the Government has proven that Moreno-Deleon's substantial rights were not violated.

Accordingly, we affirm Moreno-Deleon's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED