**UNITED STATES of America**

v.

**Jose Luis MORENO–RODRIGUEZ, Defendant.**

**No. EP–06–CR–1914–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Feb. 21, 2007.

Randall S. Lockhart, Federal Public Defender's Office, El Paso, TX, for Defendant.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for USA.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO SIXTEEN–LEVEL INCREASE FOR PRIOR CONVICTION

MARTINEZ, District Judge.

On this day, the Court considered Defendant Jose Luis Moreno–Rodriguez's objection to the Presentence Investigation Report's ("PSR") recommendation of a sixteen-level upward adjustment for his prior conviction for solicitation of the delivery of heroin in Washington. The PSR characterizes Defendant's prior conviction as a "drug trafficking offense for which the sentence imposed exceeded 13 months," thus qualifying Defendant for a sixteen-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). Defendant argues that a conviction for criminal solicitation cannot be considered a "drug trafficking offense" for the purposes of that provision. The Court has considered the parties' briefing and the oral arguments presented to the Court at the sentencing hearing on February 14, 2007. After due consideration, the Court is of the opinion that Defendant's objection should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2006, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On November 17, 2006, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to § 2L1.2(a). The PSR also recommended a sixteen-level upward adjustment, pursuant to § 2L1.2(b)(1)(A)(i), concluding that Defendant had been convicted of a felony drug trafficking offense prior to his previous removal from the United States. Defendant previously pled guilty to the solicitation of the delivery of heroin, in violation of section 69.50.401 of the Revised Code of Washington, on October 30, 1996, and was sentenced to an eighteen-month term of imprisonment. The Washington statute provides that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." WASH. REV. CODE § 69.50.401(A)(1) (West 1996).

Defendant objected to the recommended increase on the grounds that his prior conviction does not constitute a drug trafficking offense under § 2L1.2(b)(1). He did not contest that the delivery of heroin is a drug trafficking offense, eligible for the sixteen-level increase. Rather, he argued that a conviction for solicitation of the delivery of heroin is not a drug trafficking offense. At the sentencing hearing on February 14, 2007, the Court overruled Defendant's objection and applied a sixteen-level increase. The Court now writes to more fully explain the grounds for its ruling.

## II. DISCUSSION

### A. *Scope of § 2L1.2(b)(1)*

Given that the Fifth Circuit has not addressed the question of whether criminal solicitation would constitute a drug trafficking offense under § 2L1.2(b)(1), the Court's analysis begins with the applicable provisions of the Sentencing Guidelines. A drug trafficking offense for the purpose of § 2L1.2(b)(1) is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled sub-

stance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv). Application Note 5 to § 2L1.2 provides that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. n. 5. Therefore, an individual who has been convicted of aiding and abetting, conspiring, or attempting to commit a drug trafficking offense has himself committed a drug trafficking offense for the purpose of the sentencing adjustment.

The question before the Court is whether a conviction for the solicitation of a drug trafficking offense warrants the adjustment. Defendant argues that the Guidelines' omission of solicitation from Application Note 5 indicates a deliberate choice not to apply the adjustment to those convicted of solicitation, and that "[f]or an offense to constitute a drug trafficking offense ..., it must be on the list of included offenses." Def.'s Suppl. Obj. 2. While Application Note 5 does not expressly include the offense of solicitation, the Court notes that, as used throughout the Guidelines, "[t]he term 'includes' is not exhaustive." U.S.S.G. § 1B1.1 cmt. n. 2. "Consequently, the omission of solicitation from the list does not carry legal significance." *United States v. Cox,* 74 F.3d 189, 190 (9th Cir.1996). The Court must therefore determine whether the offense of solicitation is sufficiently similar to the offenses of aiding and abetting, conspiracy, and attempt, so as to justify its inclusion in the scope of Application Note 5.

B. *Comparing Solicitation with Aiding and Abetting, Conspiracy, and Attempt*

Defendant argues correctly that Washington law recognizes that the offense of solicitation is different from the offenses of conspiracy and attempt. Def.'s Suppl. Obj. 1. But Defendant makes too much of that distinction; it is uncontested that they are different offenses, and the cases cited by Defendant demonstrate merely that Washington law requires that a prosecutor prove different elements when establishing responsibility for the different offenses. In fact, a review of the statutory provisions for each offense demonstrates that the similarities among the offenses are significant.

In Washington, a person commits criminal solicitation when,

> with intent to promote or facilitate the commission of a crime, he offers to give or gives money or other thing of value to another to engage in specific conduct which would constitute such crime or which would establish complicity of such other person in its commission or attempted commission had such crime been attempted or committed.

WASH. REV.CODE § 9A.28.030(1) (West 1996). An individual is guilty of criminal attempt "if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." *Id.* § 9A.28.020(1). And the offense of criminal conspiracy occurs when, "with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any of them takes a substantial step in pursuance of such agreement." *Id.* § 9A.28.040(1).

While the three offenses are distinct, their similarities are significant. Each offense requires that the individual possess the intent that the underlying offense be committed and that he take some act in furtherance of the offense. Furthermore,

Washington law groups the three offenses of solicitation, conspiracy, and attempt together under a common heading as "anticipatory offenses." *See id.* §§ 9A.28.020, 9A.28.030, 9A.28.040. While Defendant argues that Washington law treats solicitation less severely than the other offenses, even assuming that were relevant to our analysis, it is untrue: a conviction for any of the three anticipatory offenses qualifies a defendant for the same presumptive sentence. *Id.* § 9A.94A.410 (current version at § 9.94A.595). Therefore, the Court sees no meaningful distinction between solicitation and the offenses of conspiracy and attempt.

The Tenth Circuit recently reached a similar conclusion in its own analysis of the crime of solicitation. In *United States v. Cornelio–Pena,* the Tenth Circuit held that a conviction for solicitation to commit burglary of a dwelling is a crime of violence, thus warranting a sixteen-level increase under § 2L1.2(b)(1).[1] 435 F.3d 1279, 1288 (10th Cir.2006). Relying on the non-exhaustive nature of the term "includes" in Application Note 5, that court also compared the offense of solicitation with the other offenses included in the application note. Considering a definition of solicitation that is substantially similar to the state of Washington's, the Tenth Circuit stated that,

> [a] person commits solicitation if he commands, encourages, requests, or solicits another person to commit a crime with the intent to promote the commission of that crime. As with most crimes, solicitation requires both *mens rea* and *actus reus.* Because the *mens rea* and *actus reus* required for solicitation are similar to those required for aiding and abetting, conspiracy, and attempt, we conclude that solicitation is sufficiently similar to the offenses listed in the application note to be encompassed by the note.

*Id.* at 1285–86 (internal citations omitted).

As the Tenth Circuit noted, solicitation, like conspiracy and attempt, is an inchoate offense that requires the intent that the underlying offense be committed as well as a minimal act in furtherance of that offense. *See id.* at 1286–87. Since solicitation is similar to the other offenses listed in Application Note 5 to § 2L1.2, the Court is of the opinion that a conviction for solicitation to commit a drug trafficking offense is itself a drug trafficking offense, thus warranting a sixteen-level increase.

### C.  *Other Relevant Case Law*

The Court's conclusion is supported by other courts that have addressed this issue in a similar context. Several courts have considered the scope of U.S.S.G. § 4B1.1, which provides for sentencing increases for career offenders. For purposes of that provision, " '[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n. 1. Given the similarity of that language to Application Note 5 under § 2L1.2, both the Fifth and Tenth Circuits have analogized to cases construing § 2L1.2 when considering § 4B1.1. *See Cornelio–Pena,* 435 F.3d at 1284; *United*

---

1. The sixteen-level increase of § 2L1.2(b)(1) applies not only to prior convictions for felony drug trafficking offenses but also to prior convictions for crimes of violence. Application Note 5 to § 2L1.2 applies to both categories of crimes; prior convictions of both drug trafficking offenses and crimes of violence include the offenses of aiding and abetting, conspiracy, and attempting to commit such offenses. The Court sees no reason to distinguish between the two categories of crimes; if solicitation of a crime of violence is within the scope of Application Note 5, then so too is solicitation of a drug trafficking offense. Therefore, the Court finds the Tenth Circuit's analysis in *Cornelio–Pena* to be persuasive.

*States v. Gonzalez–Borjas,* 125 Fed.Appx. 556, 559 (5th Cir.2005). Furthermore, both Defendant and the Government rely on such an analogy in their arguments.

In the context of a controlled substance offense, the Ninth Circuit has held that criminal solicitation is punishable in the same way as the offenses of aiding and abetting, conspiracy, and attempt. *United States v. Shumate,* 329 F.3d 1026, 1028 (9th Cir.2003) (holding that solicitation of the delivery of marijuana constitutes a controlled substance offense, as the omission of solicitation from the guideline provision was not legally significant). The Ninth Circuit has similarly held that the offense of solicitation of murder is a crime of violence under § 4B 1.2. *See Cox,* 74 F.3d at 190.

In fact, the only case identified by Defendant in which a court has held that solicitation is not punishable under any of the discussed sentencing provisions is *United States v. Dolt.* 27 F.3d 235 (6th Cir.1994). There, the Sixth Circuit held that solicitation to traffic in cocaine is not a controlled substance offense under § 4B1.1, stating that "the fact that the Sentencing Commission did not include solicitation in its list of predicate crimes in [the application note] is evidence that it did not intend to include solicitation as a predicate offense for career offender status." *Id.* at 239. The Court respectfully disagrees with the reasoning of the Sixth Circuit in *Dolt,* as that court failed to consider that the Guidelines' use of the word "includes" was clearly intended to be non-exhaustive.

## III. CONCLUSION

Based on the foregoing analysis, the Court concludes that the offense of solicitation is sufficiently similar to the offenses of aiding and abetting, conspiracy, and attempt, and therefore falls within the scope of Application Note 5 to § 2L1.2(b)(1). Defendant's prior conviction for solicitation of the delivery of heroin under Washington law thus constitutes a drug trafficking offense for the purpose of § 2L1.2(b)(1) and merits a sixteen-level increase. The Court is therefore of the opinion that Defendant's objection should be denied.

Accordingly, **IT IS ORDERED** that Defendant Jose Luis Moreno–Rodriguez's objection to a sixteen-level increase for a previous conviction of a felony drug trafficking offense is **DENIED.**