**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

      Plaintiff-Appellee,

v.

ANTHONY DELLIS SPENCER,

      Defendant-Appellant.

No. 04-4307
(D.C. No. 2:03-CR-616-01-DAK)
(D. Utah)

**ORDER AND JUDGEMENT**[*]

Before **EBEL, HOLLOWAY** and **KELLY**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Anthony Spencer challenges his 360-month sentence for conspiring to distribute methamphetamine. The district court, in imposing that sentence, committed constitutional Booker[1] error when it enhanced Spencer's sentence based upon two factual findings made by the court, rather than the jury. Spencer preserved this error for review.

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]United States v. Booker, 543 U.S. 220 (2005).

Nevertheless, because we conclude that the error was harmless, we AFFIRM his sentence.

## I. BACKGROUND

Spencer pled guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846.[2] This conviction stemmed from his selling an undercover officer four ounces, or 78.6 grams, of methamphetamine. This transaction was arranged by a government informant.

At sentencing, the district court found, by a preponderance of the evidence, that Spencer 1) had obstructed justice by threatening the informant and his wife; and 2) was a leader or organizer in this drug transaction. Based on these two factual findings, the district court enhanced Spencer's base offense level from thirty-two to thirty-eight.[3] An offense level of thirty-eight, combined with Spencer's criminal history category of VI, produced a sentencing range of between 360 months and life in prison. The district court imposed a sentence at the bottom of that range, 360 months.

---

[2]21 U.S.C. § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." And 21 U.S.C. § 841(a) makes it "unlawful . . . to distribute . . . a controlled substance." For a crime involving 78.6 grams of methamphetamine, Spencer, who had a prior felony drug conviction, faced a statutory maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(viii).

[3]The district court applied the 2003 sentencing guidelines.

In light of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004),[4] the district court also imposed an alternative sentence:

> The Court exercises its discretion under the Statute of Conviction, and should [<u>Blakely</u>] be found to impact the Federal Sentencing Guidelines, and they should be held to be unconstitutional, the sentence under the Statute of Conviction[] is the same sentence that I gave under the guideline; 360 months concurrently with the other two [sentences Spencer was already serving] and the 60 months of supervised release.

Spencer appeals his sentence, arguing 1) the district court committed constitutional <u>Booker</u> error by using court-found facts, made by a preponderance of the evidence, to enhance Spencer's sentence; and 2) the district court's finding the existence of these enhancements was clear error. Having jurisdiction to consider this appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we AFFIRM.

## II. STANDARD OF REVIEW

Even after <u>Booker</u>, this court continues to review the legal determinations underlying a district court's sentencing decision <u>de novo</u> and any factual findings for clear error. <u>See</u> <u>United States v. Zunie</u>, 444 F.3d 1230, 1236 (10th Cir. 2006).

---

[4]The district court sentenced Spencer on August 16, 2004, after the Supreme Court had decided <u>Blakely</u>, but before the Court decided <u>Booker</u> in January 2005.

Before the district court, Spencer unsuccessfully objected to these two enhancements, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely. Those objections preserved Spencer's constitutional Booker argument. See Zunie, 444 F.3d at 1237 (holding that raising Blakely argument at sentencing preserved Booker error for appeal); United States v. Glover, 413 F.3d 1206, 1208, 1210 (10th Cir. 2005) (assuming Apprendi objection preserved Booker error for review). This court, therefore, will review Spencer's constitutional challenge to his sentence de novo. See United States v. Stiger, 413 F.3d 1185, 1191 (10th Cir.), cert. denied, 126 S. Ct. 775 (2005).

## III. ANALYSIS

In Booker, the Supreme Court "held that mandatory application of the [federal sentencing] Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence." United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir.) (en banc) (citation, quotation, alteration omitted), cert. denied, 126 S. Ct. 495 (2005). In the wake of Booker, then, there are two distinct errors that are possible: constitutional Booker error, which involves the district court using factual findings it made by a preponderance of the evidence to enhance the defendant's sentence; and non-constitutional Booker error, which involves the district court's applying the federal sentencing guidelines in a mandatory manner. See Gonzalez-Huerta, 403 F.3d at 731-32 (citations omitted).

- 4 -

In this case, the district court committed constitutional <u>Booker</u> error when it found, by a preponderance of the evidence, that Spencer 1) obstructed justice by threatening the informant and his wife; and 2) was a leader or organizer of the methamphetamine transaction; and then used these factual findings to enhance Spencer's sentence.[5]  <u>See</u> <u>United States v. Small</u>, 423 F.3d 1164, 1190 (10th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1180, 1377, 2050 (2006); <u>see also</u> <u>United States v. LaVallee</u>, 439 F.3d 670, 707 (10th Cir. 2006) (recognizing that, if the sentencing court would have applied the guidelines' obstruction-of-justice enhancement to increase defendant's sentence mandatorily, it would amount to constitutional <u>Booker</u> error); <u>United States v. Lawrence</u>, 405 F.3d 888, 905-06 (10th Cir.) (holding that the district court's finding that the defendant was an organizer or leader of the offense and thereby enhancing defendant's sentence was constitutional <u>Booker</u> error), <u>cert. denied</u>, 126 S. Ct. 468 (2005).  This error will require resentencing unless the Government can show, beyond a reasonable doubt, that the error was harmless, <u>see</u> <u>United States v. Waldroop</u>, 431 F.3d 736, 743 (10th Cir. 2005); that is, that the error did not affect Spencer's "substantial rights," Fed. R. Crim. P. 52(a).

> [T]here are at least two ways that a defendant's substantial rights may have been affected in cases of constitutional <u>Booker</u> error.  First, a defendant's substantial rights may be affected if a jury applying a

_____

[5]At sentencing, Spencer also challenged a third enhancement made pursuant to U.S.S.G. § 2J1.7, which increased his offense level by three.  But Spencer does not reassert that objection on appeal.

reasonable doubt standard would <u>not</u> have found the same material facts that a judge found by a preponderance of the evidence. Second, a defendant's substantial rights may also be affected if there is a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a)[6], the district court would reasonably impose a sentence outside the Guidelines range.

<u>Small</u>, 423 F.3d at 1190 & n.15 (citation, quotation omitted) (footnote, emphasis added).

### A. Whether a jury would have found the same sentencing facts beyond a reasonable doubt that the district court found by a preponderance of the evidence.

There is overwhelming evidence in the record from which a jury would have found both that Spencer 1) threatened the informant and his wife; and 2) was a leader or organizer of this drug transaction. <u>See</u> <u>United States v . Riccardi</u>, 405 F.3d 852, 875-76 (10th Cir.) (concluding constitutional <u>Booker</u> error was harmless where evidence supporting sentencing facts was "overwhelming"), <u>cert. denied</u>, 126 S. Ct. 299, 825 (2005).

---

[6]18 U.S.C. § 3553(a) provides that, in imposing a sentence, the district court should consider such things as the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense; the need for deterrence, public protection and rehabilitation; the kinds of sentences available as well as the applicable sentencing guideline range; and the need to provide victims with restitution. After <u>Booker</u>, the district court must consider these 18 U.S.C. § 3553(a)'s factors in imposing a sentence. <u>See</u> <u>United States v. Morales-Chaires</u>, 430 F.3d 1124, 1128 (10th Cir. 2005).

### 1.    Obstruction-of-justice enhancement.

The district court, pursuant to U.S.S.G. § 3C1.1, enhanced Spencer's offense level by two after finding that Spencer had obstructed justice. Section 3C1.1 provides that

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to . . . the defendant's offense of conviction . . . , increase the offense level by **2** levels.

Obstruction of justice under § 3C1.1 includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant [or] witness . . . , directly or indirectly, or attempting to do so." Id. application note 4(a).

There was overwhelming evidence in the record that Spencer threatened both the informant and his wife. The evidence presented at sentencing indicated that the Government informant helped arrange Spencer's methamphetamine sale to an undercover officer. The informant was present when that transaction took place. To keep Spencer from discovering the informant's role, police arrested the informant along with Spencer. At the police station, officers started to book the informant before moving him to the jail's "release area." After the informant sat in the release area for an hour, however, the guards for some reason decided not to release him. Instead, they returned him to the jail and placed him in an area where he and Spencer could see each other. While in that area, the informant saw

Spencer make a telephone call. The informant's wife testified that Spencer called her from the jail and pretended to be a police officer asking about the informant's release; during that conversation Spencer eventually admitted who he was and then threatened her by saying "[I am] going to get you guys." After Spencer got off the phone with the informant's wife, Spencer told the informant that "'I just called your wife, and she told me everything.'" Spencer then threatened the informant directly: "'I'm going to get you fucker. I'm going to sic[] these Mexicans on you,'" referring to Spencer's co-defendants Luis Perez and Isidro Angel, who had also been involved in the methamphetamine sale.

This evidence is more than sufficient for a jury to find, beyond a reasonable doubt, that Spencer threatened the informant and his wife. Cf. United States v. Bradford, 423 F.3d 1149, 1161-62 (10th Cir. 2005) (reviewing constitutional Booker error for plain error and holding evidence was sufficient for a jury to find beyond reasonable doubt that defendant had obstructed justice). And that finding would support the two-level obstruction-of-justice enhancement. U.S.S.G. § 3C1.1, application note 4(a).

### 2. Leadership enhancement.

The district court also increased Spencer's offense level by four, pursuant to U.S.S.G. § 3B1.1(a), after finding that he was a leader or organizer of the methamphetamine sale. Section 3B1.1(a) specifically provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or

more participants[7] or was otherwise extensive, increase [offense level] by **4** levels." (Footnote added.) In applying this enhancement, "[t]he government does not have to prove that defendant <u>controlled</u> five or more participants. Instead, it must prove that five persons participated in the criminal venture, and that Defendant exercised leadership control over at least one person." <u>United States v. Cruz Camacho</u>, 137 F.3d 1220, 1224 (10th Cir. 1998) (footnote omitted) (emphasis added).

> In distinguishing a leadership or organizational role from one of mere management or supervision [for which a defendant should instead receive only a three-level enhancement under U.S.S.G. § 3B1.1(b)], . . . [f]actors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or an organizer of a criminal association or conspiracy.

U.S.S.G. § 3B1.1, application note 4. This four-level "enhancement is appropriate if defendant was either a leader <u>or</u> an organizer." <u>United States v. Tagore</u>, 158 F.3d 1124, 1131 (10th Cir. 1998). "The gravamen of the enhancement is either the exercise of control over other participants or the organization of others for the purpose of carrying out the crime." <u>United States v. Spears</u>, 197 F.3d 465, 469 (10th Cir. 1999) (quotation omitted).

---

[7]Spencer does not dispute that there were at least five individuals involved in this drug transaction.

The evidence presented at sentencing overwhelmingly established that Spencer played a leadership or organizational role in the drug transaction. The informant introduced the undercover officer to Spencer, and both the informant and the undercover officer negotiated with Spencer to purchase methamphetamine. Spencer eventually agreed to meet the informant and the undercover officer to conduct the transaction. Spencer arrived at this meeting without the drugs, but accompanied by Troy Dalton and Mandi Ignatowicz. When the informant and the undercover officer refused to leave with Spencer and the others to retrieve the methamphetamine, Spencer directed Dalton and Ignatowicz to get it. And it was Spencer who gave the officer a sample of the methamphetamine so he could determine its quality. Spencer also told the officer that Spencer had brought Ignatowicz with him so that the officer could have sex with her when the group partied after concluding the drug sale.

Dalton and Ignatowicz were gone fifteen minutes; when they returned they were accompanied by Angel and Perez. Spencer directed Perez to show the undercover officer the drugs. When Perez did so, officers arrested everyone. The undercover officer testified at sentencing that Spencer "was orchestrating the entire deal."

This evidence, then, was sufficient for a jury to have found beyond a reasonable doubt that Spencer was a leader or organizer of this drug transaction. Cf. United States v. Apperson, 441 F.3d 1162, 1211-12 (10th Cir. 2006) (reviewing Booker error for plain error and holding evidence was sufficient such

that a jury would have found, beyond a reasonable doubt, that the defendant was a manager or supervisor of the offense).

### 3. Conclusion.

There was overwhelming evidence presented at sentencing from which a jury would have found, beyond a reasonable doubt, the same sentencing facts the district court found by a preponderance of the evidence.[8]  Therefore, the trial court's constitutional <u>Booker</u> error—using those two facts to enhance Spencer's sentence—did not affect Spencer's substantial rights.

### B. Whether there is a reasonable probability that the district court, considering 18 U.S.C. § 3553(a)'s factors, would impose a different sentence outside the guideline range.

The trial court's constitutional <u>Booker</u> error could also affect Spencer's substantial rights if there is a reasonable probability that the court, had it considered the sentencing factors set forth in 18 U.S.C. § 3553(a), would have

---

[8]Because the evidence is sufficient for the jury to have found the same sentencing facts beyond a reasonable doubt that the district court found by a preponderance of the evidence, Spencer's argument, that the district court's factual findings were clearly erroneous, is unavailing.

Spencer further argues that, in making these factual findings, the district court erred in relying on "unreliable hearsay."  Spencer appears to be referring to the fact that, during sentencing, the prosecutor asserted that Spencer's co-defendants, in their own guilty plea and sentencing proceedings, had referred to Spencer as their leader: "[T]he fact statements given by all of those individuals, who all had no criminal history . . . , was that they were involved because of Mr. Spencer.  They did what they did because Mr. Spencer told them to."  The district court, however, made clear that it was not relying on those co-defendants' statements to determine Spencer's sentence.

imposed a sentence outside the guideline range. See Small, 423 F.3d at 1190.

Ordinarily, this analysis requires us to consider what sentence the district court would have imposed, if it had applied an appropriate post-Booker analysis. See id. In light of the district court's alternate sentence imposed in this case, however, there is no need for us to engage in such speculation. We know exactly what sentence the district court would have imposed had the court not applied the guidelines in a mandatory manner. See United States v. Corchado, 427 F.3d 815, 821 (10th Cir. 2005), cert. denied, 126 S. Ct. 1811 (2006); United States v. Serrano-Dominguez, 406 F.3d 1221, 1224 (10th Cir. 2005). The district court would impose the same sentence. Therefore, we can be confident that there is no reasonable probability that the district court, now treating the guidelines as advisory and specifically considering § 3553(a)'s factors, would impose a different sentence outside the guideline range.[9] Cf. United States v.

_____

[9]Although the district court, in imposing this alternate sentence, did not expressly address each § 3553(a) factor, this court has never required a sentencing court to do so. See United States v. Cornelio-Pena, 435 F.3d 1279, 1289 (10th Cir.), cert. denied, 126 S. Ct. 2366 (2006); Corchado, 427 F.3d at 821; United States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005), cert. denied, 126 S. Ct. 1089 (2006). In Corchado, for example, this court relied on the district court's alternate sentence, even though "the district court did not specify that it was applying the sentencing methodology suggested in Booker–namely consultation of the advisory Guidelines and the factors listed in 18 U.S.C. § 3553(a)." 427 F.3d at 821. Nevertheless, because the district court "consulted the Guidelines and adopted the findings in the PSR, which analyzed several of the factors set forth in § 3553(a)," this court was "confident that the district court would impose the same sentence upon remand." Id.; see also Cornelio-Pena, 435 F.3d at 1289 (relying on an alternate sentence where the district court, in imposing that

(continued...)

Cornelio-Pena, 435 F.3d 1279, 1289 (10th Cir.), cert. denied, 126 S. Ct. 2366 (2006) (relying on an alternate sentence to conclude that non-constitutional Booker error was harmless); Corchado, 427 F.3d at 821 (same); Serrano-Dominguez, 406 F.3d at 1223 (same).

If, as here, "the sentencing error does not affect the sentence that would have been imposed by the district court, it does not affect substantial rights." United States v. Marshall, 432 F.3d 1157, 1162 (10th Cir. 2005). Therefore, the district court's constitutional Booker error was harmless. See Zunie, 444 F.3d at 1237-38; Waldroop, 431 F.3d at 743.

## IV.  CONCLUSION

For these reasons, we AFFIRM Spencer's 360-month sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[9](...continued)
sentence, considered the guidelines, as advisory, the PSR, defendant's motion for a downward departure, and several § 3553(a) factors specifically).