FILED
United States Court of Appeals
Tenth Circuit

**July 1, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

ANTHONY DELLIS SPENCER,

　　　　Defendant - Appellant.

No. 08-4008
(D. Utah)
(D.C. No. 07-CV-955-DAK)

---

**ORDER GRANTING PANEL REHEARING**

---

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

---

This matter is before the court on Anthony D. Spencer's request for panel rehearing and the United States' response thereto. Upon consideration of the parties' filings and for those reasons set out below, this court **grants** Spencer's request for rehearing, **withdraws** our prior order denying Spencer's request for a certificate of appealability, and **substitutes** in its place the attached order and judgment.

　　　　　　　　　　ENTERED FOR THE COURT

　　　　　　　　　　Elisabeth A. Shumaker, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY DELLIS SPENCER,

Defendant - Appellant.

No. 08-4008
(D. Utah)
(D.C. No. 07-CV-955-DAK)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

This matter is before the court on Anthony D. Spencer's pro se request for

a certificate of appealability ("COA").  Spencer seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2255 motion.  28 U.S.C. § 2253(c)(1)(B).

Because Spencer has "made a substantial showing of the denial of a constitutional

right," *id.* § 2253(c)(2), this court **grants** his request for a COA, **reverses** the

order of the district court dismissing Spencer's § 2255 motion as untimely, and

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

**remands** the matter to the district court for further proceedings consistent with this opinion.

As set out in this court's decision on direct appeal, Spencer pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. *United States v. Spencer*, 192 F. App'x 718, 719 (10th Cir. 2006). He was sentenced to 360 months' imprisonment. *Id.* at 719-20. This court affirmed his sentence on August 9, 2006. *Id.* at 718. Spencer filed the instant § 2255 motion on December 10, 2007, raising claims of, *inter alia*, *Brady* violations[1] on the part of the prosecution and ineffective assistance of trial counsel with regard to the negotiation and entry of his guilty plea and his sentencing proceeding. The district court dismissed Spencer's motion on the ground that it was untimely. The district court noted 28 U.S.C. § 2255(f)(1) provides for a one-year limitations period from the date on which a conviction becomes final. The district court concluded Spencer's conviction became final on November 9, 2006, when the ninety-day period for filing a petition for a writ of certiorari passed without Spencer requesting Supreme Court review. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000). Because, according to the district court, Spencer's conviction became final on November 9, 2006, he had until November 9, 2007 to file his § 2255 motion. 28 U.S.C. § 2255(f)(1). As Spencer did not file that motion until December 10, 2007, the district court concluded the motion was

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

untimely unless Spencer was entitled to have the limitations period equitably tolled. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Because Spencer had failed to demonstrate he had diligently pursued the claims in his § 2255 motion, the district court exercised its discretion and denied equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

The granting of a COA is a jurisdictional prerequisite to Spencer's appeal from the dismissal of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Spencer must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Spencer must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Where, as here, the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims, the movant is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

This court's review of the underlying merits of Spencer's claims is necessarily limited because his motion was dismissed before he had an opportunity to develop the factual and legal bases of his claims in the district court, the district court did not rule on the merits of those claims, and the parties have not briefed the merits on appeal. Therefore, "[w]e will only take a quick look at the [§ 2255 motion] to determine whether [Spencer] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (quotations and original alterations omitted). After taking the requisite "quick look" at Spencer's § 2255 motion, this court concludes he has satisfied the first prong of the COA analysis because "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. Specifically, at least one of Spencer's claims debatably states a facially valid claim of the denial of a constitutional right.

Having concluded Spencer satisfies the first requirement for obtaining a COA, we turn to the propriety of the district court's procedural ruling. As noted above, this court resolved Spencer's direct appeal on August 9, 2006. *Spencer*, 192 F. App'x at 718. The district court concluded Spencer did not file a petition for a writ of certiorari. Based on that conclusion, the district court determined Spencer's conviction became final, for purposes of the limitations period set out

-4-

in 28 U.S.C. § 2255(f)(1), on November 9, 2006, when the ninety-day period for filing a petition for a writ of certiorari passed without Spencer requesting Supreme Court review. *See Burch*, 202 F.3d at 1278. Because, Spencer did not file his § 2255 motion until December 10, 2007, the district court concluded the motion was untimely.

As the United States recognizes in its response to Spencer's petition for rehearing, the district court erred in concluding Spencer did not file a petition for a writ of certiorari. The United States nevertheless argues Spencer's petition for a writ of certiorari did not affect the finality of his conviction because the certiorari petition was not timely filed. In support of this assertion, the United States cites to an entry in this court's docket in case number 04-4307, Spencer's direct appeal. It is certainly true that in an entry dated November 17, 2006, this court's docket in case number 04-4307 notes as follows: "Petition for writ of certiorari filed on 11/13/06 by Appellant Anthony Dellis Spencer. Supreme Court Number 06-7697." Unfortunately, that entry in this court's docket is not accurate. In an entry dated November 13, 2006, the Supreme Court's docket makes clear that Spencer's certiorari petition was timely filed on November 6, 2006.[2] That Spencer's petition for a writ of certiorari was timely filed is confirmed by the

---

[2]Thus, although Spencer's petition for a writ of certiorari was entered on the Supreme Court's docket on November 13, 2006, the petition was filed on November 6, 2006. We assume the discrepancy in this court's docket flows from a mistaken use of the date the Supreme Court entered the certiorari petition on its docket, rather than the date the certiorari petition was filed.

Supreme Court's denial of the writ rather than its dismissal. *See* Rules of the S.

Ct. 13.2 (providing that the clerk of the Supreme Court shall not file any

certiorari petition that is not timely filed). Thus, Spencer's conviction became

final on December 11, 2006, the date the Supreme Court denied his timely filed

certiorari petition; he had until one year from that date, December 11, 2007, to

file his § 2255 motion. 28 U.S.C. § 2255(f); *United States v. Gabaldon*, 522 F.3d

1121, 1123 (10th Cir. 2008). Spencer's § 2255 motion, which was filed on

December 10, 2007, was thus timely filed and the district court erred in

concluding it was time barred under § 2255(f).

For those reasons set out above, this court **GRANTS** Spencer a COA,

**REVERSES** the district court's dismissal of the motion as untimely, and

**REMANDS** the matter to the district court for further proceedings consistent with

this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge