**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SCOTT D. HEMSLEY,

      Defendant - Appellant.

No. 07-4222
(D.C. No. 2:07-CV-179-TS and
2:02-CR-87-TS)
(D. Utah)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

      Scott Hemsley, a federal inmate appearing pro se, seeks a certificate of

appealability ("COA") so that he may challenge the district court's denial of his

28 U.S.C. § 2255(a) motion to vacate, set aside, or correct his sentence.  Mr.

Hemsley pleaded guilty to the manufacture or attempted manufacture of

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possession of a

firearm by a restricted person in violation of 18 U.S.C. § 922(g)(3).  The district

court sentenced him to 188 months' imprisonment followed by five years'

supervised release.  His conviction was affirmed on direct appeal.  See United

States v. Hemsley, 160 F. App'x 804 (10th Cir. 2005) (unpublished).  He then

sought relief pursuant to § 2255, asserting two claims of ineffective assistance of

counsel, a claim of constitutional <u>Booker</u> error, and a claim that his sentence is unconstitutional under <u>Cunningham v. California</u>, 549 U.S. 270 (2007). He does not pursue his <u>Cunningham</u> claim on appeal. The district court denied relief. Having determined that Mr. Hemsley has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his appeal, <u>see</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000). Although Mr. Hemsley also argues that he should receive a COA based upon the government's failure to serve him its response to his petition and the district court's failure to fix a time for him to reply, Mr. Hemsley has not explained how these events deprived him of the ability to make a substantial showing of the denial of a constitutional right.

We recounted the facts underlying Mr. Hemsley's case on direct appeal and need not restate them here. <u>See</u> <u>Hemsley</u>, 160 F. App'x at 805–06. Mr. Hemsley first contends that his counsel was ineffective for failing to object to the iodine-to-methamphetamine conversion ratio of 33% adopted by the district court. A criminal defendant asserting ineffective assistance of trial counsel must show both deficient performance and prejudice to his defense in order to receive post-conviction relief. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Mr. Hemsley argues that the prejudice to him was that, on direct appeal, we reviewed his claim for plain error instead of at a lower standard. This argument misunderstands the required showing of prejudice. Mr. Hemsley must show

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, i.e., that he would have likely received a different sentence had his counsel objected. Mr. Hemsley has not made this showing and we doubt on these facts that he could do so, particularly where the district court held an evidentiary hearing on the drug-conversion issue and received a memorandum from a Drug Enforcement Administration representative saying that 33% was an ultra-conservative ratio. Hemsley, 160 F. App'x at 807–08.

Second, Mr. Hemsley argues that his counsel was ineffective for failing to raise a Booker objection to the judge-found facts that were the basis for the increase in his sentence. We agree with the district court that because Mr. Hemsley was sentenced on December 8, 2003, before United States v. Booker, 543 U.S. 220 (2005) was decided on January 12, 2005, his counsel was not ineffective "for failing to predict future law," Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) (quotation omitted).

Finally, Mr. Hemsley argues that his sentence violated the Sixth Amendment because it was increased based on judge-found facts. The district court correctly explained that Booker is not retroactive, relying on United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005). On appeal, Mr. Hemsley argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), was decided before he was sentenced and makes his sentence unconstitutional. However, Apprendi does

not apply to sentencing factors which increase a defendant's guideline range but do not increase the sentence above the statutory maximum. United States v. Willis, 476 F.3d 1121, 1131 n.3 (10th Cir. 2007).

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge