FILED
United States Court of Appeals
Tenth Circuit

December 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSEPH N. WHITE,

     Defendant-Appellant.

No. 08-3195
(D.C. No. 6:06-CR-10186-MLB-1 and
6:08-CV-01192-MLB)
(D. Kansas)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

     Defendant-Appellant Joseph N. White requests leave to appeal the district court's denial of his petition for habeas corpus. White contends that he received ineffective assistance of trial counsel because his counsel failed to object to the sentencing court's significant upward departure from the guidelines range. For substantially the same reasons stated by the district court, this court denies White's request for a certificate of appealability and dismisses this appeal.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

This court's Order and Judgment affirming White's sentence on direct appeal sets forth the factual and procedural history of this case in considerable detail.  See U.S. v. White, 265 Fed. Appx. 719 (10th Cir. Feb. 15, 2008) (unpublished).  For purposes of this request for COA, the critical facts can be summarized as follows.  White pled guilty to one of the sixteen counts initially brought against him.  In exchange for his plea, the prosecutor dropped the other fifteen counts and agreed to recommend a 60-month sentence and not to request any upward departures.  Id. at 722; [R. App. B.].  The sentencing judge subsequently notified the parties that he was contemplating an upward departure *sua sponte*.  White's counsel submitted a memorandum challenging any upward departures.  Nonetheless, the judge sentenced White to 147 months, 87 months above the guideline sentence.  On direct appeal, this court affirmed White's sentence under a plain error standard of review because White's counsel "failed to object following imposition of sentence."  Id. at 727.

## II.    Discussion

Under 28 U.S.C. § 2253(c)(1), a defendant seeking to appeal a denial of habeas relief under 28 U.S.C. § 2255 must first obtain a certificate of appealability ("COA").  "A COA may be issued 'only if the applicant has made a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). This requires [Mr. White] to show 'that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

White argues that he was denied effective assistance of counsel when his counsel failed to object to the court's decision to depart from the guideline sentence based on the dropped charges. White argues that the departure was unreasonable because the plea agreement created the false impression that he would not be sentenced to more than 60 months.

As the district court stated, "[t]his argument is completely bogus." (Dist. Ct. Order at 1.) The plea agreement merely stated that the prosecutor would not recommend a sentence above 60 months; the government made no promise that the court would follow its recommendation. Further, White was fully aware of the court's ability to ignore the prosecution's recommendation. During the plea colloquy, he acknowledged that the "government's recommendation of a five-year sentence was not binding on the court." White, 265 Fed. Appx. at 723. Similarly, this court has repeatedly found that a sentencing judge is not bound by the terms of a plea agreement, and may consider counts dismissed as a result of the plea bargain. See U.S. v. Trujillo, 537 F.3d 1195, 1201-02 (10th Cir. 2008) (stating that "a plea agreement cannot preclude the court from considering the facts underlying a dismissed count"); see also U.S. v. Pinson, 542 F.3d 822, 836 (10th

- 3 -

Cir. 2008) ("[W]e have repeatedly stated that '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.'") (quoting United States v. Magallanez, 408 F.3d 672, 684 (10th Cir. 2005)). Any objections to the district court's consideration of an upward departure based on the dropped charges would, therefore, have been frivolous, and White's counsel did not err in failing to object on those grounds.

For the first time in this request for COA, White argues that he was denied effective assistance of counsel because his attorney's failure to object to the reasonableness of his sentence reduced White's likelihood of success on appeal. White's failure to raise this issue to the district court absolves this court of any duty to address this argument. Even in the context of *pro se* litigants, whose pleadings receive a "liberal construction," this court does not generally "address arguments presented for the first time on appeal." U.S. v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

Were we to consider this additional argument, we would still deny White's request for a COA because White cannot point to any prejudice resulting from his counsel's failure to object. To demonstrate the existence of prejudice under Strickland, White must show that "there is a reasonable probability that but for" his counsel's failure to object to the sentencing judge's upward departure, "the

- 4 -

result of the proceeding would have been different." U.S. v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).  This court's Order and Judgment on direct appeal stated that White's sentence was procedurally reasonable because "the judge not only stated, but relied principally upon, appropriate reasons, under any standard of review." White, 265 Fed. Appx. at 728 (emphasis added).   Further, our review in the direct appeal of this case of the issue of the substantive reasonableness of the sentences was for "abuse of discretion," which is the same standard of review used in cases where a defendant's attorney has objected at the sentencing hearing. See, e.g., U.S. v. Verdin-Garcia, 516 F.3d 884, 898 (10th Cir. 2008) (reviewing the substantive reasonableness of defendant's sentence for an abuse of discretion). White cannot, therefore, demonstrate that "there is a reasonable probability that" the outcome of his appeal would have been different had his counsel objected at the sentencing hearing.  Strickland, 466 U.S. at 687.  Absent such a showing, defense counsel's failure to object does not rise to the level of ineffective assistance of counsel under Strickland.  See Hemsley, 287 Fed. Appx. at 650-51 (holding that appellant had not made out a claim of ineffective assistance of counsel based solely on the argument that his lawyer's failure to object subjected appellant to the more deferential "plain error" standard of review on appeal).

## III. Conclusion

Because White cannot make a "substantial showing of the denial of a constitutional right," we DENY his request for a COA and DISMISS his petition.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge