FILED
United States Court of Appeals
Tenth Circuit

February 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee, | No. 08-4171 |
| v. | (D. of Utah) |
| ANTHONY DELLIS SPENCER, | (D.C. Nos. 2:07-CV-955-K and 2:03-CR-626-DAK-1) |
| Petitioner-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Anthony Spencer, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1). We take jurisdiction under 28 U.S.C. § 1291, deny Spencer's request for a COA, and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I.  Background

Spencer pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846.  *See United States v. Spencer*, 192 F. App'x. 718, 719 (10th Cir. 2006).  His conviction stemmed from selling four ounces (78.6 grams) of methamphetamine to an undercover officer.  *Id.*

As the district court explained, the government asserted police reports indicated that Spencer had called a parolee, James Hill, and offered to sell him drugs.  Unbeknownst to Spencer, Hill was a government informant.  Hill notified authorities, who sent an undercover officer to accompany Hill to the transaction.  At the sale, Spencer ordered associates to retrieve the drugs.  When the drugs were presented, Spencer was arrested.  Spencer stipulated to these facts in his Statement in Advance of Plea.

After the denial of his direct appeal related to sentencing errors, Spencer brought this collateral attack to his sentence, asserting: (1) his counsel was ineffective because counsel improperly advised him regarding whether to plead guilty to the substantive offense of possession of a controlled substance; (2) the court erred in not dismissing the indictment based on outrageous government misconduct; (3) the government improperly withheld *Brady*[1] evidence favorable to Spencer because that evidence demonstrated entrapment; and (4) his counsel provided ineffective assistance by failing to properly investigate the case and by

_____

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

advising Spencer to plead guilty.  The district court denied Spencer's petition and also denied him a COA.[2]

## II. Discussion

Unless a petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2255 petition.  § 2253(c)(1)(B).  This court may issue a COA only if the petitioner has made "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  A petitioner satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).  Our role is to conduct an "overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

Here, Spencer has not made a substantial showing of the denial of a constitutional right.  We thus decline to issue a COA.

---

[2]  After the government responded to Spencer's pleading in district court, Spencer moved for sixty days to prepare a reply.  The district court did not address this motion in dismissing the case, and thus implicitly rejected it. Spencer claims error, but has not shown how this deprived him of the ability to make a substantial showing of the denial of a constitutional right. *See United States v. Hemsely*, 287 F. App'x 649, 650 (10th Cir. 2008) ("Although Mr. Hemsley also argues that he should receive a COA based upon the government's failure to serve him its response to his petition and the district court's failure to fix a time for him to reply, Mr. Hemsley has not explained how these events deprived him of the ability to make a substantial showing of the denial of a constitutional right.").

A.    Ineffective Assistance of Counsel

Ineffective assistance claims are based on the Sixth Amendment right to counsel and are governed by the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a plaintiff must show that his attorney's performance "fell below an objective standard of reasonableness; and that the unreasonably deficient performance resulted in prejudice." *Lucero v. Kerby*, 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting *Strickland*, 466 U.S. at 688).  The petitioner has the burden to demonstrate that his attorney's performance was unreasonable under prevailing professional norms.  *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  He can establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Spencer's first and fourth grounds for appeal repeat the allegation that his attorney ought to have advised him to seek an entrapment defense rather than to plead guilty.  An entrapment defense requires a showing of "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988).  Spencer cannot establish government inducement.  According to police reports, it was Spencer who initiated the drug transaction by calling Hill.  Additionally, Spencer admitted in his statement in advance of his plea that he

-4-

called Hill, and he does not dispute this, other than by broadly arguing without support that the government arranged the crime.

Moreover, Spencer cannot demonstrate a lack of predisposition. Predisposition is the "defendant's inclination to engage in the illegal activity for which he has been charged." *United States v. Ford*, 550 F.3d 975, 984 (10th Cir. 2008) (citing *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986)). "Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity." *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005) (internal quotation marks and citation omitted). Spencer had been arrested for drug crimes on more than one occasion. Thus, sufficient evidence exists to establish that Spencer was predisposed to engage in such criminal conduct. *See id.*

Because the facts do not support an entrapment defense, Spencer cannot demonstrate that his attorney's performance fell below an objective standard of reasonableness and that the unreasonably deficient performance resulted in prejudice. *See Strickland*, 466 U.S. at 688*; see also Slusher v. Furlong*, 29 F. App'x 490, 494–95 (10th Cir. 2002) (finding that counsel's failure to investigate an entrapment defense did not prejudice defendant so as to establish an

ineffective assistance claim, when evidence that counsel failed to uncover would not have supported a viable entrapment defense and thus would not have persuaded defendant not to enter a guilty plea). Furthermore, counsel's advocacy in the sentencing phase was extensive and competent. In fact, had Spencer not pleaded guilty, he would likely have lost three points for acceptance of responsibility in sentencing.

Counsel's performance in this case therefore raises no Sixth Amendment problem.[3]

B.    Government Misconduct

Next, Spencer argues the government engaged in misconduct by creating and directing a criminal enterprise that led to his arrest, asserting, in essence, a variation of his entrapment argument. As explained above, though, his entrapment theory is without merit. The government asserted that police reports demonstrate it was Spencer who initiated the drug sale, Spencer who arranged the place and price of the transaction, and Spencer who directed the transaction itself. Spencer's statement in advance of his plea supports this recitation of the facts.

---

[3] Spencer argues that, viewed liberally, his filings raised a claim concerning the validity of his plea. He did not raise the claim in district court, and, in any event, we find no deficiency in counsel's performance which would undermine the voluntariness of his guilty plea. As set forth above, Spencer stipulated to the facts underlying his guilty plea and received a sentencing benefit by accepting responsibility.

No evidence in the record demonstrates government misconduct, and Spencer does not assert any new allegations of improper conduct in his appeal.

Therefore, we find no grounds for overturning Spencer's sentence on the basis of government misconduct.

C.    Disclosure of Evidence

We also reject Spencer's final argument that the government improperly withheld evidence. *Brady* requires the disclosure to a defendant of any evidence "material either to guilt or to punishment." 373 U.S. at 87. The government asserts that it produced all police reports and information in its possession in this case, and Spencer does not point to any specific exculpatory evidence that would assist him in demonstrating an entrapment defense. Without any indication of the existence of exculpatory evidence, we reject Spencer's claim of improper withholding of evidence.

## III. Conclusion

We conclude that reasonable jurists could not debate the resolution of the constitutional claims presented. Accordingly, we DENY Spencer's request for a COA and DISMISS his appeal. We DENY Spencer's request to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge